IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL T. SMITH,            )
                             )
            Plaintiff,       )
                             )
      v.                     )
                             )   Civil Action No. 11-164J
MICHAEL J. ASTRUE,           )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )
            Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of April, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed his DIB and SSI applications on May 27, 2009, alleging disability as of December 31, 2008, due to spinal stenosis, neck and shoulder pain, left arm and hand numbness and difficulty with concentration. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a video hearing on June 8, 2010, at which plaintiff appeared represented by counsel. On July 27, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 27, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 45 years old on his alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as an auto body repairman, construction worker and laborer, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine and attention deficit hyperactivity disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is limited to occasional overhead lifting, overhead reaching and postural activities, and he is limited to no more than frequent fingering and handling with his left hand. In addition, plaintiff is precluded from concentrated exposure to hazards, and he is limited to performing simple, unskilled work (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as an information clerk, hand packer or silver wrapper. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of

the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that his

impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. For reasons explained below, these arguments are without merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Id.</u> at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that he meets or equals listings under sections 1.00 (musculoskeletal

system disorders) and 12.00 (mental disorders). Although plaintiff broadly claims that he meets one or more listings under these sections, he does not identify any specific listing he allegedly meets, nor does he cite any medical evidence to demonstrate that he satisfies all the requirements of a particular listing.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from degenerative disc disease of the cervical spine and attention deficit hyperactivity disorder, which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination,[1] do not meet or equal any listed impairment. The ALJ stated that he considered listings 1.04 and 12.03, but he found that plaintiff's conditions do not satisfy all the criteria of either of those listings. (R. 115). The ALJ then explained why plaintiff's impairments do not meet or equal those listings. (R. 115-116).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet or equal a listing. Other than making a broad, unsubstantiated assertion

---

[1]Plaintiff is incorrect that the ALJ failed to consider his impairments in combination in determining that he is not disabled. As part of the ALJ's step 3 finding, he explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing. (R. 115). Further, the ALJ considered plaintiff's severe impairments in combination in assessing his residual functional capacity, and subsequently finding him not disabled at step 5 of the sequential evaluation process. (R. 117-120).

that he meets or equals listings under sections 1.00 and 12.00, plaintiff failed to demonstrate that the evidence of record supports his argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing.[2] For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity.[3] 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Here, plaintiff argues that the ALJ erred at step 5 because he

---

[2] Plaintiff also asserts in connection with his step 3 argument that the ALJ failed to properly consider and weigh the opinions of his treating physicians. To the contrary, the ALJ considered the opinion of Dr. Adnan Abla, plaintiff's neurosurgeon, and stated that he gave Dr. Abla's opinion significant weight. (R. 118). Although Dr. Abla advised that plaintiff should not return to his past work (which involved working as a laborer, construction worker and auto body repairman), (R. 493), Dr. Abla did not find that plaintiff was precluded from performing less strenuous work, and even advised that he should "remain active and keep going with his life." (R. 494).

The ALJ likewise properly considered and evaluated the opinion of Dr. Keith Eicher, who stated on an employability assessment form for the Pennsylvania Department of Public Welfare that plaintiff was temporarily disabled for less than twelve months. (R. 595). Whether plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant because another agency's determination regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. In addition, as the ALJ correctly observed, Dr. Eicher did not provide any explanation on the state welfare form to support his opinion of temporary disability, and his opinion was inconsistent with other record evidence concerning plaintiff's functional capabilities. For these reasons, the ALJ properly gave Dr. Eicher's opinion little weight. (R. 119).

[3] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

improperly evaluated and rejected plaintiff's subjective complaints of pain, and thus incorrectly assessed his residual functional capacity. The court finds that these arguments lack merit.

First, a claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints of pain, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of his treatment, plaintiff's own statements about his symptoms and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1)-(c)(3), §§416.929(c)(1)-(c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the

⬥AO 72
(Rev. 8/82)

objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 118). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 117-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next claims that the ALJ's residual functional capacity assessment failed to account for his alleged back, neck and arm pain and problems with concentration. To the contrary, the ALJ's comprehensive RFC Finding incorporated all of plaintiff's functional limitations that the evidence of record supported, including accommodations for any alleged pain and concentration problems. The ALJ accounted for plaintiff's back, neck and arm pain by limiting him to only occasional overhead lifting, overhead reaching and postural activities and no more than frequent fingering and handling with his left hand. Further, the ALJ limited plaintiff to performing simple, unskilled work, which would account for any concentration problems he experiences. For these reasons, the court finds that the ALJ's RFC Finding fully accommodated plaintiff's functional limitations that were supported by the evidence of record.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial

evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901